JoiiNson, C. J. delivered the opinion of the court. The only question presented by the record is, whether the circuit court had jurisdiction of the case. The 17th section of chapter 87 of the Revised Statutes, provides that “ whenever any suit shall be founded on any instrument of writing, purporting to have been executed by the defendant, such instrument shall be filed with the justice, before any process shall be issued in the suit.” A justice’s court, as this court has repeatedly held, is a court of the lowest grade known to our constitution and laws. It possesses only a special, limited and inferior jurisdiction ; and therefore the proceedings therein must show or set forth such facts as constitute a case within its jurisdiction: otherwise, the law regards the whole proceeding as coram. non judice and void. The statute, in requiring the plaintiff to file with the justice, before the issuance of the writ, the instrument purporting to have been executed by the defendant, expressly and of necessity regards such instrument as constituting the foundation of the action, and that too as between the immediate parties to the proceeding. Such being the requisition of the statute, it follows as a necessary consequence that the instrument filed must cither disclose upon its face such a legal interest in the subject matter of the suit as to enable him to prosecute and maintain it in his own right, or at least to admit of evidence aliunde to establish and support such right. There can be no essential difference between an entire failure to file any instrument whatever and the filing of one which neither shows a legal right in the plaintiff to prosecute the suit in his own name, nor amounts to such a showing as to admit of evidence to establish and support such right. This was a suit instituted by Berryman Jones against Thomas La-tham upon a writing obligatory, which purports to have been executed by said Latham and one William Archer in favor of David Larkin. The judgment recites that it appeared to the satisfaction of the court that the writing had been assigned by Larkin to Jones, This is a mistake in a matter of fact, as no such assignment is to be found upon any part of the paper transcribed into the record, The most that the endorsement can amount to is, that the instrument sued upon was placed in the hands of Jones for collection; but we are not cognizant of any principle of construction by which i.t can be made to operate as a transfer of the legal interest in the subject matter of the suit, so as to enable him to prosecute it in his own name, and for his own use and benefit. The law will not presume any case or matter to be within a jurisdiction so inferior as that of a justice of the peace, unless the plaintiff shall file with the justice, before the issuance of the writ, the instrument which is to constitute the foundation of the action. The legal presumpr is the same where there is a failure to file such an instrument as will support an action between the immediate parties to the suit; or, at least, such as will admit of evidence to establish and support it. This, being the view which we have taken of this case, we feel bound to regard the proceedings of the justice as being coram non judice and consequently illegal and void. If we are correct in this, it then follows as a necessary consequence that the circuit court could not acquire any legal right by the appeal, to adjudicate the matter in controversy between the parties, and ought simply to have dismissed the case for the want of jurisdiction, without pronouncing any judgment whatever in favor of either party. We are therefore of the opinion that the circuit court erred in pronouncing judgment by default against the appellant, and consequently in refusing to set aside said judgment. Judgment reversed and the cause remanded with instructions to qetaside the judgment and dismiss the case for want of jurisdiction.